HASSELBACK v. FREDERICK LEYLAND & CO., INC.

———

(February 11, 1929. Opinion and Decree.)
(March 4, 1929. Rehearing Refused.)

———

Woodville and Woodville, of New Orleans, attorneys for plaintiff, appellee.

Wm. A. Porteous, of New Orleans, attorney for defendant, appellant.

JONES, J. Negligence is admitted and the sole question is the amount plaintiff,

driver of an ice wagon, should recover for serious injury to his back on November 16, 1926, when he was knocked from his seat to the floor of his ice wagon by a rear end collision.

The lower court allowed $2,000.00 damage and the defendant has appealed.

Poguenhem, a witness for plaintiff who came up just after the accident happened, testified that the plaintiff did not lose consciousness, but was suffering excruciating pain and was in such a cramped position that he could not be placed in his automobile to be carried to the Touro Infirmary, but had to be carried thither in a patrol wagon which arrived shortly thereafter.

Plaintiff, a man of fifty-one years, who had for years been driving his ice wagon and delivering blocks of ice weighing fifty pounds, testified that when he reached the hospital he was given an anaesthetic and later on, after an X-ray had been taken, his whole back was placed in a plaster cast. He was a patient in the Touro Infirmary for eight weeks and wore the cast about eight weeks after he left there. He suffered a broken rib at the time and was told at the hospital that he had a broken back. At the time of the trial some fourteen months after the accident, he swore that he still suffered at times and that he was still unable to sit up straight; that he had been obliged to employ a young man to help him deliver the ice, as he could not carry heavy blocks, and that his income had fallen off from forty or fifty dollars a week before the accident to six or eight dollars a week thereafter, and he had had to borrow money to buy the clothes which he was wearing in court; he had trucked cotton and done heavy work since he had been

twenty-one, and had always been strong and healthy before the accident.

None of the X-rays referred to in the evidence were introduced in court, nor was Dr. Spencer, who originally applied the plaster cast, produced, but Dr. Hatch, a distinguished bone specialist of this city, for whom Dr. Spencer was an assistant, testified that he had removed the cast from plaintiff's back at the Touro clinic and had then instructed him to report for further treatment, if necessary; that he had concluded plaintiff must be well, as he had never seen him since. He added that a sprain to the back might cause a great deal of trouble, especially in an older man, and that it was always best to immobilize parts of the back by use of a cast, whether there was a fracture or not; that it was not necessary to have a fracture of the spine to incur serious injuries and suffer much pain.

Dr. Leo Mendel, a witness for defendant, who took an X-ray of the plaintiff's back some six months after the accident, testified that the plate showed no positive signs of fracture, but that a small fracture might have occurred without any signs necessarily appearing on the X-ray plate, and later on, on cross-examination, he admitted that a sprain to the back would cause great suffering.

Dr. Ledbetter, witness for defendant, testified that he had gone to the Touro Infirmary shortly after plaintiff was injured and found him in a plaster cast; that he had then examined the charts and had seen no reference to any fracture of the spine. Both Dr. Ledbetter and another witness for defendant, Dr. C. G. Cole, a surgeon of this city, testified that they had examined the plaintiff on the day of the trial in the judge's office and had found no signs of any permanent injury

and that they did not believe plaintiff had suffered any, although plaintiff had claimed to suffer when certain vertebrae of his spine were touched, at one time placing the pain several inches from where he placed it at another time.

It is extremely difficult to estimate damages where the evidence is so conflicting and where the injuries are largely subjective. In the somewhat similar case of Moeller vs. M. L. & T. R. R. & S. S. Co., 7 La. App. 559, where the plaintiff had suffered a sprain of the sacro-iliac joint, this court allowed $1,000.00, although the evidence showed that he had worn a canvas belt for nine months and had lost $300 in salary.

Although the testimony of Doctors Ledbetter and Cole, after their examination on the day of the trial, as to plaintiff's complete recovery, and as to his claimed "movable injury" tends to show that he has exaggerated his injuries, undoubtedly the inconvenience and pain caused by wearing of the plaster cast for sixteen weeks was very great, and plaintiff is entitled to substantial pecuniary compensation.

In view of his diminished income and his wearing this plaster cast for sixteen weeks, during which period he suffered at times great pain, we think the judgment of the trial court does substantial justice, and it is, therefore, affirmed.